UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBURN SALES, INC.,

        Plaintiff,         Civil Case No. 14-10922
                                    Honorable Linda V. Parker

v.

CYPROS TRADING &
SHIPPING, INC., JOSEPH
KILANI, and FADI KILANI,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF NO. 73]

On February 3, 2015, this Court issued an opinion and order granting Defendants' motion as to Plaintiff's negligence claim, and denying Defendants' motion as to Plaintiff's claims of tortious interference with a business relationship, tortious interference with economic expectancy, and breach of contract. Presently before the Court is Defendants' motion for reconsideration. For reasons that follow, the Court **DENIES** Defendants' motion.

### I.     Standard of Review

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present

1

>the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those that are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

## II.     Analysis

Defendants assert that the Court committed a palpable defect by treating their purported Rule 56 motion for summary judgment as a Rule 12(c) Judgment on the Pleadings. (Defs.' Mot., ECF No. 73 at Pg. ID 553.) In support of this assertion, Defendants make the following arguments: (1) "[t]he pleadings as well as oral arguments suggest that the proper standard of review of the [m]otion should be pursuant to [Rule] 56"; (2) "[s]ince the Court considered matters outside the

pleadings, the motion must be treated as one for summary judgment under [Rule] 56"; and (3) "[t]he Court's analysis of the [m]otion pursuant to [Rule] 56 may have resulted in a different outcome." (*Id.*) Defendants fail to state a palpable defect and accordingly, their motion for reconsideration must be denied.

### A. Pleadings and Oral Argument

As Defendants indicated in their motion for reconsideration, the Court in its opinion and order held that despite the fact that Defendants labeled their motion as a motion for summary judgment, having reviewed the motion, it was readily apparent that "Defendants provide[d] solely a Rule 12(b)(6) standard, provide[d] no evidence in support of the initial motion, and [made] an argument entirely on the pleadings," and consequently, the Court construed Defendants motion as a motion for judgment on the pleadings. (ECF No. 71 at Pg. ID 504-10)

Defendants assert that their motion should have been analyzed under Federal Rule of Civil Procedure 56 because they asked the Court to treat it as such at the motion hearing, and because they used the phrase "summary judgment" sporadically in their brief. This argument is futile, given that the arguments made in Defendants' motion were made entirely on the pleadings. Were the Court to have treated the motion as a summary judgment motion, the Court would have denied the motion as an entirely unsupported motion for summary judgment, given

3

that the motion contained no actual record evidence as required under Rule 56(c). Thus, this assertion fails.

### B. Matters Outside of the Pleadings

Defendants next assert that that the Court considered matters outside the pleadings, and that pursuant to Rule 56, the Court must treat the motion as one for summary judgment. However, in stark contrast to this assertion, Defendants go on to state the following: "[R]eliance on Rule 56 would have required the Court to consider the affidavits and other exhibits filed in connection with the dispositive motion. *In the Opinion and Order, the Court did not even reference any reliance upon exhibits.*" (Defs.' Mot., ECF no 73 at Pg. ID 560) Defendants are talking out of both sides of their mouths in a desperate attempt to get the remaining claims dismissed; nevertheless, Defendants fail to direct the Court to any particular matters that were considered outside of the pleadings, and accordingly, this argument fails.

### C. Potentially Different Outcome

Defendants also assert that "the Court's failure to address the legal issue of whether a duty is owed by Defendants to Plaintiff is concerning as this may be dispositive of the remaining counts under a Rule 56 analysis." (ECF No. 73 at Pg. ID 563.) Given that Plaintiff has failed to state a palpable defect, Defendants'

4

argument that the Court's analysis under Rule 56 would have resulted in a different outcome is rendered moot.

Further, this concept of duty that Defendants continue to raise is not an element of tortious interference with a business relationship, tortious interference with economic expectancy, or breach of contract. Defendants repeatedly raise this argument despite the fact that it is entirely based on the application of a legal standard that does not apply to Defendants' motion. Given that the standard has no bearing on the pending motion, because this concept of duty is not an element of any of Plaintiff's remaining claims, the argument that a different result would have occurred is futile. Going forward, Defendants should focus their efforts on the elements of the remaining claims.

Accordingly, for the foregoing reasons, Defendants' motion for reconsideration is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 11, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 11, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager