UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBURN SALES, INC.,

        Plaintiff,          Civil Case No. 14-10922
                                Honorable Linda V. Parker
v.

CYPROS TRADING &
SHIPPING, INC., JOSEPH
KILANI, and FADI KILANI,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 125]

On February 28, 2014, Plaintiff Auburn Sales, Inc. ("Auburn") filed this lawsuit against Defendants Cypros Trading & Shipping, Inc. ("Cypros"), Joseph Kilani, and Fadi Kilani (collectively "Defendants") arising out of a past business relationship between the parties. On March 13, 2017, this Court issued an Opinion and Order dismissing Plaintiff's Complaint. (ECF No. 123.) Presently before the Court is Plaintiff's motion for reconsideration and/or request to file an amended complaint, filed March 27, 2017. (ECF No. 125.) At the Court's direction, Defendants' filed a response to the motion on April 11, 2017. (ECF No. 128.) Finding the facts and legal arguments sufficiently presented in the parties' brief, the Court dispensed with oral argument pursuant to Eastern District of Michigan

Local Rule 7.1(f). For the reasons that follow, the Court denies Plaintiff's motion for reconsideration.

## I. Factual and Procedural History

Plaintiff is in the business of buying Chrysler parts, and reselling the parts to Defendant Cypros. (Compl. ¶ 13.) Defendant Joseph Kilani and his son, Defendant Fadi Kilani, are employees of Defendant Cypros. (*Id.* at ¶¶ 11, 12.) In early 2009, Plaintiff began having discussions with Automotive Aftermarket Resources, LLC ("AAR") and Chrysler's parts subsidiary Mopar ("Mopar")—both nonparties to this case—in order to obtain Chrysler parts at favorable pricing. (*Id.* at ¶¶ 25-26.) In March 2010, Plaintiff, AAR, Mopar, and Defendant Cypros cemented a distribution chain agreement for procuring Chrysler parts for the Middle East through Defendant Cypros. (*Id.*) The agreement was as follows: "[Mopar] would provide all the parts that Auburn could sell to AAR [;] who would then sell them to Auburn at a markup [;] who would then sell the parts to Cypros at a markup [.]" (*Id.* at ¶ 27.) Mopar delivered the goods directly to Defendant Cypros under a "drop shipment" agreement, and, consequently, parts were never tangibly in the hands of AAR or Plaintiff. (*Id.*)

Plaintiff asserts that in 2011, Defendants obtained counterfeit parts, and mixed and sold them with legitimate Chrysler parts they had purchased from Plaintiff. (*Id.* at ¶ 31.) In February 2013, the FBI raided Defendants' New Jersey

warehouse.  (*Id.* at ¶ 32.)  Thereafter, Defendant Fadi Kilani was charged with trafficking in counterfeit goods, and ultimately pled guilty to the charges in the indictment.  (*Id.* at ¶ 33.)

Plaintiff asserts that when Chrysler learned of Defendants' conduct, Chrysler instructed AAR that it could no longer sell Chrysler parts to Plaintiff.  (*Id.* at ¶ 38.)  Plaintiff asserts that once Defendants' wrongful actions became publicly known, Plaintiff's "automotive supplier customers" refused to do business with it, and that said customers imputed Defendants' wrongful conduct onto Plaintiff.  (*Id.* at ¶ 40.)

Plaintiff further asserts that as a result of the harm caused to its reputation by Defendants' conduct, it is unable to procure or sell any parts. (*Id.* at ¶ 41.)  Consequently, Plaintiff filed this lawsuit on February 28, 2014, asserting: (1) intentional interference with business relationship, (2) intentional interference with prospective economic advantage, (3) breach of contract, and (4) negligence. (*Id.* at ¶¶ 44-76.)

On February 3, 2015, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 40.)  This Court held a hearing on May 27, 2015.  In its opinion and order issued on September 1, 2015, this Court construed Defendants' motion as a judgment on the pleadings and granted Defendants' motion as to the negligence claim and denied the motion on the remaining claims.  (ECF No. 71.)

On May 16, 2016, Plaintiff filed a motion for summary judgment as to liability on their claims and requesting that this Court dismiss Defendants' counterclaims. (ECF No. 107.) Defendants also filed a motion for summary judgment on May 18, 2016. (ECF No. 110.) On March 13, 2017, this Court granted, in part, Plaintiff's motion for summary judgment, denied, as moot, Defendants' motion for summary judgment, and dismissed Plaintiff's Complaint.

## II. Applicable Standards

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and a different disposition of the case would result from a correction of such defect. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367,

374 (6th Cir.1998)). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127-28 (2d ed. 1995)). As several judges in this District have stated,

> "[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."

*Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd* 194 F. 3d 1339 (Fed. Cir. 1999)). "[A motion to alter or reconsider a judgment] 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *In re J & M Salupo Dev. Co.*, 388 B.R.

795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Ltd. Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

**III.   Analysis**

   **A. Negligence Claim**

Plaintiff asserts that "now that the contract claim has been dismissed, the negligence claim (Count IV) must be reinstated as a result of policy considerations." (ECF No. 125 at 2854.) The Court dismissed the negligence claim on September 1, 2015. (ECF No. 71.) The basis of the dismissal was because Plaintiff failed to show a duty "separate and distinct from that imposed by contract to give rise to tort liability." (*Id.* at Pg ID 509.) The Court's analysis has not changed. In fact, the Court analyzed the contract theory and found there was no duty or breach. (ECF No. 123 at 2841.) Considering that Plaintiff's negligence claim was not separate and distinct from its contract claim, the analysis would be the same. As to Plaintiff's argument that the Court should have permitted Plaintiff to plead negligence in the alternative, such request is time-barred and should have been made within fourteen days of the September 1, 2015 dismissal.

Therefore, Plaintiff has not persuaded the Court that it is entitled to relief under Local Rule 7 or Federal Rule of Civil Procedure 59(e).

**B. Breach of Contract Claim**

Plaintiff argues that the Court made a palpable error in dismissing the breach of contract claim. Plaintiff asserts that the Court committed error when it found paragraph 64 of Plaintiff's Complaint was the only requirements provision and accepted Defendants' version of Dorne Rigsby's deposition transcript. As to the transcript, Plaintiff addressed Defendants' deposition selection in its response to Defendants' motion for summary judgment. (ECF No. 114 at Pg ID 2628-29.) Likewise, Plaintiff had its chance to persuade the Court on the issue of the requirements contract, which it failed to do.

Plaintiff mostly reiterates the original arguments it made in response to Defendants' summary judgment motion. Plaintiff does not present any new information that would warrant a different treatment of the breach of contract claim. Plaintiff improperly attempts to use the relief afforded in Rule 59(e) as a vehicle to restate previous arguments. Therefore, Plaintiff has not persuaded the Court that it is entitled to relief under Local Rule 7 or Federal Rule of Civil Procedure 59(e).

**C. Tortious Interference Claims**

Plaintiff contends that the Court's analysis consisted primarily of its statement in the footnote on page 8 wherein the Court stated:

> The Court agrees with Defendants that it is odd that Defendants would want Plaintiff to go out of business, given that

7

>Defendants benefited from the relationship between Plaintiff, AAR, and Chrysler. (ECF No. 110 at Pg ID 2558.)

(ECF No. 125 at Pg ID 2862.) However, Plaintiff's argument is without support. This Court extensively analyzed Plaintiff's tortious interference claims and found that "Plaintiff has failed to demonstrate that Defendants sold counterfeit automobile parts for the purpose of causing Chrysler to refuse to sell parts to AAR and is, therefore, unable to prevail on their tortious interference claims." (ECF No. 123 at 2837.) The basis of the Court's decision was Plaintiff's lack of factual support to satisfy the elements for its tortious interference claims, not the notation in the footnote, which was merely a point the Court intended to highlight.

Therefore, Plaintiff has not persuaded the Court that it is entitled to relief under Local Rule 7 or Federal Rule of Civil Procedure 59(e).

## IV. Conclusion

For the reasons stated above, the motion is denied.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for reconsideration (ECF No. 125) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2017, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager